JAMES REVOR v. S. C. BAGLEY.

May 19, 1899.

Nos. 11,676—(188).

**Action for Services—Verdict Sustained by Evidence.**

*Held*, that the verdict is sustained by the evidence, and that the trial court properly exercised its discretion in denying a motion for a new trial on the ground of newly-discovered evidence.

Appeal by defendant from an order of the district court for Polk county, Watts, J., denying a motion for a new trial. Affirmed.

*D. H. Fisk*, for appellant.

*H. Steenerson* and *W. E. Rowe*, for respondent.

START, C. J.

The complaint alleged that the plaintiff, at the request of the defendant, and for him, performed work and rendered services in cutting, hauling, and banking logs, by himself and team, of the reasonable value of $318.75, for which judgment was demanded. The answer alleged that all work done and services rendered by the plaintiff for the defendant were under a special contract, whereby the plaintiff agreed to cut, haul, and bank the logs at the agreed price of $2.12½ for each thousand feet,—the defendant to advance supplies and pay time checks to and for the plaintiff, to enable him to carry on the work; that the defendant, pursuant to the contract, advanced to the plaintiff $528.33 more than the amount of his work at the contract price. Verdict for the plaintiff for $225, and interest. The defendant appealed from an order denying his motion for a new trial.

If the work was not performed pursuant to the special contract, there can be no question as to the verdict being excessive, as

claimed by the defendant. The verdict, under the instructions of the trial court, necessarily involves a finding that the work and services were performed as alleged in the complaint. The defendant claims that the verdict is not sustained by the evidence.

The plaintiff and a witness who was present at the time testified in substance that the defendant, at his office, on October 29, 1897, offered the plaintiff $2.12½ per thousand to cut, haul, and bank the logs in question; that the plaintiff refused the offer, because the price was too low, and they went away, but shortly returned for a bundle which plaintiff had left at the office; that the defendant then renewed the offer, which was refused by the plaintiff; that the defendant then told the plaintiff he would furnish supplies, and that the plaintiff should get five or six men, go to the woods, and go to work, buy hay, and build camps, and get ready to skid, and he would pay him; that he would be up in two or three weeks, and make a bargain with him. The plaintiff testified that, upon this, he went to work, and never made any contract with the defendant. The defendant testified, in general terms, that he made the contract with the plaintiff set up in the answer; but as to where the contract was made, and what was said, his evidence, as we read it in the record, was indefinite and very unsatisfactory. Thus, on his cross-examination on the subject, he testified as follows:

"Q. What did you say to Revor, that you can remember,—not the outline, but what did you say to Revor, at that time, that you can remember,—the 29th of October, 1897 * * * ? A. Either place? Q. Anywhere; yes. A. I recollect saying to Revor, 'How do you do; you got back again?' Q. You recollect that? A. Yes, sir. Q. You were the first to speak? A. It appears so. Q. What did Revor say? A. I have forgotten. Q. What did you say then? A. I have forgotten. Q. What did he say then? A. I have forgotten. Q. What did you say then? A. I have forgotten. Q. What was next said? A. Forgotten. Q. What did he say? A. Forgotten. Q. Where was this conversation that you refer to at this time, that you have forgotten? Where did it take place? A. From the time I first met Revor until I saw him here again to-day, so to speak, or any other way. If you fine me for contempt of court for answering that way, I will have to take it."

There are, however, undisputed circumstances disclosed by the record which tend strongly to corroborate the claim of the defend-

ant that the work was done under a special contract. The plaintiff's attempted explanation of such circumstances is not entirely satisfactory. But it is not our purpose to review the evidence in detail. Upon the whole record, we are of the opinion that the verdict is not so manifestly against the weight of the evidence that it was an abuse of discretion on the part of the trial court to deny the motion for a new trial. The verdict is sustained by the evidence.

The motion for a new trial was also based upon the ground of newly-discovered evidence. While the moving affidavits assert, and repeat the fact, that the defendant used diligence to discover the evidence, yet they do not state what he did in the premises. The newly-discovered evidence was cumulative and impeaching only, and diligence was not shown. The trial court properly exercised its discretion in denying the motion on this ground.

Order affirmed.